**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, an employee )
benefit plan, and the BOARD OF TRUSTEES of )
the Greater St. Louis Construction Laborers Welfare )
Fund; CONSTRUCTION LABORERS PENSION )
TRUST OF GREATER ST. LOUIS, an employee )      Case No.
benefit plan, and the BOARD OF TRUSTEES of )
 the Construction Laborers Pension Trust of Greater St. )
Louis; ST. LOUIS VACATION FUND, an employee )
benefit plan, and the BOARD OF TRUSTEES of the )
St. Louis Vacation Fund; CONSTRUCTION )
LABORERS & CONTRACTORS TRAINING FUND )
OF EASTERN MISSOURI, an employee benefit plan, )
and the BOARD OF TRUSTEES of the Construction )
Laborers & Contractors Training Fund of Eastern )
Missouri; and LOCAL UNION NOS. 42-110, )
LABORERS INTERNATIONAL UNION OF NORTH )
AMERICA, AFL-CIO, labor organizations, )
 )
    Plaintiffs, )
 )
v. )
 )
THARP CONTRACTING LLC, )
 )
    Defendant. )

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

### PARTIES

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Board of Trustees of the Welfare Fund is the Plan

Sponsor of the Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.     Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145. Plaintiff Board of Trustees of the Pension Fund is the Plan Sponsor of the Pension Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3.     Plaintiff, St. Louis Vacation Fund, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145. Plaintiff Board of Trustees of the Vacation Fund is the Plan Sponsor of the Vacation Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4.     Plaintiff, Construction Laborers & Contractors Training Fund of Eastern Missouri, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Board of Trustees of the Training Fund is the Plan Sponsor of the Training Fund is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Unions," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant Tharp Contracting LLC, hereinafter referred to as "Defendant," is a Missouri corporation in good standing and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12), and 1145, and Sections 2(2), (6), and (7) of the LMRA, as amended, 29 U.S.C. §§152(2), (6), and (7).

## JURISDICTION AND VENUE

7. This Court has jurisdiction by reason of Sections 502(a)(3), (a)(3)(ii), and 515 of ERISA, as amended, §§1132(a)(3), (a)(3)(ii), and 1145, and Section 301(a) of the LMRA, as amended, 29 U.S.C. §185(a).

8. Defendant's office and principal place of business is located in St. Peters, MO, and therefore venue is proper in this judicial district and division.

## FACTS

9. At all times material, defendant was bound by the provisions of collective bargaining agreements ("CBAs") between the Unions and the Site Improvement Association, effective from March 1, 2021 through February 29, 2024 and from March 1, 2024 through May 31, 2029.

10. The CBA requires defendant to submit a monthly report stating the hours of work performed by employees who perform work covered by the CBA or, alternatively, that reports that no hours of covered work were performed by defendant's employees.

3

11. In any month in which defendant reports hours of work, defendant must remit payment to each Benefit Fund for each hour of work performed by the employees in the amounts set forth in the wage schedule of the CBA.

12. In any month in which defendant reports hours of work, defendant must remit contributions to the Site Advancement Fund (SAF) and LECET Funds for each hour of work performed by the employees as set forth in Articles 6 and 17 and in the wage schedule of the CBA.

13. The CBA at Section 6.10 further requires that defendant withhold Supplemental Union Dues from the wages of employees who performed work covered by the CBA in the amount specified in the CBA and remit same to the Unions.

14. The reports and remittances referenced in paragraphs 11 through 13 must be made no later than the 15th of the month following the month in which the employees performed covered work.

15. The CBA and the Trust Documents of the Welfare, Pension, Vacation, and Training Funds provide that the Unions and/or the Benefit Funds shall be permitted to perform a financial examination of defendant's books and records, periodically, to insure that all remittances have been properly made in accordance with the terms of the CBA.

16. The CBA to which defendant is signatory requires defendant to pay liquidated damages of twenty percent (20%) on contributions and on Supplemental Union Dues that are not paid timely.

17. Plaintiffs conducted a payroll examination of defendant's payroll records for the period of April 20, 2021 through September 30, 2024. That payroll examination reflected that defendant had failed to report and make the appropriate remittances for 452.25 hours of work.

18.     Based on the underpayment revealed by the audit, defendant owes $3,821.51 to the Welfare Fund; $3,504.94 to the Pension Fund; $452.25 to the Vacation Fund; and $226.14 to the Training Fund. Defendant owes $1,600.98 in liquidated damages on these amounts and interest at the federal underpayment rate to be calculated as of the date of judgment.

19.     Based on the underpayment revealed by the audit, defendant also owes $90.45 to the SAF Fund and $189.96 to the LECET Fund on which is owed $56.08 in liquidated damages and interest to be calculated as of the date of judgment.

20.     Based on the underpayment revealed by the audit, defendant failed to deduct and remit $600.88 in Supplemental Union Dues on which is owed $120.18 in liquidated damages and interest to be calculated as of the date of judgment.

21.     Plaintiffs incurred fees of $595.00 to perform the audit.

## COUNT I – ERISA, 29 U.S.C. §1145

22.     Plaintiffs Welfare, Pension, Vacation and Training Funds ("Benefit Funds") incorporate by reference the factual allegations in paragraphs 1-11, 14-18 and 21-22.

23.     Defendant is required by Section 515 of ERISA, 29 U.S.C. § 1145, to make fringe benefit contributions to the Benefit Funds in accordance with the terms and conditions of the CBA and of the Trust Documents establishing the Benefit Funds.

24.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), plaintiff Benefit Funds are entitled to a mandatory award of unpaid fringe benefit contributions, interest and liquidated damages on said unpaid contributions, and reasonable attorneys' fees and costs.

WHEREFORE, plaintiff Benefit Funds pray the Court as follows:

(a)    A judgment in the amount of $9,605.82, consisting of $8,004.84 as and for outstanding contributions owed on the audit and $1,600.98 in liquidated damages owed on the unpaid contributions;

(b)    Interest on the judgment amount at the rate prescribed in 26 U.S.C. § 6621, in accordance with ERISA Section 502(g)(2)(E), to be calculated through the date of judgment;

(c)    For an award of plaintiffs' costs, accounting fees and attorneys' fees pursuant to 29 U.S.C. §1132(g)(2); and

(d)    For such other and further relief as this Court deems appropriate under the circumstances.

## COUNT II – LMRA SECTION 301(a)

25. Plaintiff Unions incorporate by reference the factual allegations in paragraphs 1-22.

26. Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. 185(a), provides for suit for violation of the provisions of a CBA.

27. As set forth in paragraphs 1-22, defendant was bound by the provisions of a CBA to remit contributions to the Benefit Funds, to the SAF Fund, to the LECET Fund, and to deduct Supplemental Union Dues from the wages of its employees and remit same to the Unions.

28. Section 15.02 of the CBA assesses liquidated damages of 20% on amounts owed to the Benefit Funds, to the SAF Fund, to the LECET Fund, and on Supplemental Dues.

29. Section 15.03 of the CBA states that if an examination of an employer's payroll records reveals an underpayment, the employer must pay the cost of the examination.

30. Section 15.03 of the CBA states further that if suit must be filed to collect unpaid amounts owed, the employer will pay "interest at the maximum rate allowed' on the unpaid contributions and the plaintiffs' reasonable attorneys' fees.

31. Defendant's failure to so remit amounts owed violates its CBA with the Unions.

WHEREFORE, plaintiff Unions pray the Court as follows:

(a)     A judgment in the amount of $12,448.43, consisting of outstanding contributions and liquidated damages owed to the Benefit Funds, the SAF Fund, the LECET Fund, and Supplemental Dues and liquidated damages owed to the Unions, plus the $595.00 audit fee.

(b)     Interest on the judgment at the maximum allowed rate to be calculated through the date of judgment;

(c)     For an award of plaintiffs' costs and attorneys' fees; and

(d)     For such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
13205 Manchester Rd., Suite 210
St. Louis, Missouri  63131
(314) 727-1015 (Phone)
(314) 727-6804 (Fax)
jmartin@hammondshinners.com

/s/ Janine M. Martin
JANINE M. MARTIN # 46465MO
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was electronically filed with the Clerk of the Court on July 16, 2025, and copies were mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 19th and Pennsylvania Avenue, Washington, D.C. 20220.

/s/ Janine M. Martin