**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, et al., )
                                            )
     Plaintiffs, )
                                            )
     v. ) Case No. 4:25-cv-01039 JAR
                                            )
THARP CONTRACTING, LLC, )
                                            )
     Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for summary judgment in this action seeking delinquent contributions, supplemental union dues, and liquidated damages owed to Plaintiffs pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, and ERISA, 29 U.S.C. § 1132. For the reasons stated below, the motion will be granted.

**BACKGROUND**

Plaintiffs are four employee benefit plans, their respective boards of trustees, and three labor organizations, including St. Louis-area Local Unions 42 and 110. Defendant Tharp Contracting is a construction company that employs union workers. In 2021, Tharp signed onto collective bargaining agreements that require employers to submit monthly contributions to the Plaintiff benefit funds for union employee work hours. The agreements impose damages and interest on delinquent contributions and entitle the funds to examine employer payroll records to verify the accuracy of employer reports and payments. The Plaintiff funds conducted an audit of Tharp's records for the period of April 20, 2021, through September 30, 2024, and concluded that Tharp owed $12,475 in outstanding contributions, liquidated damages, and interest for the period.

Plaintiffs filed their complaint July 16, 2025. Pursuant to the Case Management Order, Rule 26 disclosures were due September 26, 2025. On March 5, 2026, Plaintiffs filed the instant motion for summary judgment asserting that Tharp failed to report and pay benefit contributions and union dues for 452.25 labor hours.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of identifying "the basis for its motion and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up). If the moving party makes this showing, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.* (quotation marks omitted). The nonmovant "may not rest upon the mere allegations or denials of the ... pleadings." Fed. R. Civ. P. 56(e). If there is a genuine dispute as to certain facts, those facts "must be viewed in the light most favorable to the nonmoving party." *Id.*

## DISCUSSION

In support of their motion, Plaintiffs submit the audit report of Peter Lawrence along with supporting spreadsheets reflecting 452.25 underreported labor hours, resulting in the following amounts owed:

| Benefit Contributions | $8,285.25 | Doc. 17-6 at 5 |
| Liquidated Damages | $1,657.06 | Doc. 17-6 at 5 |
| Interest | $1,689.57 | Doc. 17-7 |
| Supplemental Dues | $600.88 | Doc. 17-6 at 4 |
| Damages on Dues | $120.18 | Doc. 17-6 at 4 |
| Interest on Dues | $122.52 | Doc. 17-7 |
| Total | $12,475.46 | |

(Doc. 17, Ex. 5-7).

In response, Tharp contends that Plaintiffs' audit report overstates the hours of two employees by including hours worked in a different territory, Local 660. Tharp asserts that these employees worked only 269.75 hours within the territory of Locals 42 and 110. Additionally, Tharp asserts that it paid the entirety of contributions for all three unions to Local 660 with the understanding that the portion attributable to Locals 42 and 110 would be forwarded to them from Local 660. In support of these facts, Tharp submits the affidavit of its owner, William Tharp, and a one-page internal summary spreadsheet of hours, wages, and contributions for the two employees. (Doc. 25, Ex. 1-2). Tharp thus asserts that summary judgment is not warranted because there are genuine issues of material fact in dispute.

In reply, Plaintiffs argue that, despite numerous requests during and after the audit, Tharp failed to provide underlying payroll records or invoices supporting its factual assertions. Further, Plaintiffs have no way to verify or recover payments to a different union. Even if they did, Local 660 has a lower contribution rate than Locals 42 and 110, so any transfer of funds would be insufficient.

The record reflects that Plaintiffs' auditor and counsel made multiple attempts to obtain the information needed to confirm Tharp's claims and revise the report accordingly to avoid this

3

lawsuit. (Doc. 28, Ex. 1 and 3). Even after Plaintiffs filed their complaint, Tharp failed to provide this information as part of its Rule 26 disclosures. (Doc. 28-6). Rather, Mr. Tharp claims in his affidavit that he will produce the records "if called to testify." This is impermissible. Consequently, the Court provided Tharp an opportunity to supplement the summary judgment record with any and all business records necessary to provide a full financial picture of the facts at issue here, including invoices and payroll records for the jobs and employees in question and bank records of corresponding payments to Local 660. (Doc. 29).

After four extensions of time to respond, the entirety of Tharp's supplement consists of thirteen one-page timesheets containing only the dates and hours that the two employees purportedly worked for Local 660 versus Locals 42 and 110. (Doc. 38). This basic information was already provided in Tharp's summary spreadsheet (Doc. 25-2); it adds nothing to the record. Additionally, Tharp states that it was unable to obtain payment records from Local 660 and requests leave to subpoena them now, after the discovery deadline has passed.

The Court fails to understand Tharp's inability to supply meaningful payroll or bank records in its own possession, particularly when Mr. Tharp claimed in his affidavit that he could produce underlying records to substantiate Tharp's defense "if called to testify." If such materials exist, Tharp was required to produce them in discovery and later by the Court's explicit order. Even accepting Tharp's flawed premise that payment of the proper amounts to Local 660 relieves it of liability for payments to Locals 42 and 110, Tharp had ample opportunity to produce objective evidence of such payments and resolve the discrepancy, but it failed to do so.

The evidence in the summary judgment record supports Plaintiffs' pleadings. Tharp's attempt to create a disputed material fact through a self-serving affidavit is insufficient to

4

withstand summary judgment. "A properly supported motion for summary judgment is not defeated by self-serving affidavits." *Bacon v. Hennepin Cnty. Med. Ctr.*, 550 F.3d 711, 716 (8th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment is **GRANTED**. (Doc. 15). Plaintiffs are awarded $12,475.46.

Dated this 16th day of July 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE